Pearson, J.
We do not concur in the view taken in the Court below, of the proceedings under the 59th Sec. of Ch. Ill of the Rev. Stat. in regard to the emancipation of slaves. In that Court it was assumed, that the right of property and the authority of the executor might be contested and their rights adjudicated, and consequently that there was an appeal to this Court.
On the contrary we think the proceeding is ex parte under the 57th, Sec. The title of the petitioner is pre-sumedto be unquestioned. Under the 59 Sec. the authority of the executor is taken for granted, the Court gives no judgment, but merely grants permission, to emancipate, upon being satisfied that due advertisement has been made, and the bonds required executed. This permission to emancipate does not bind the rights of third persons. There is no “adversary suit,” and consequently no right of appeal. The proceeding does not fall under the first Sec. or within either the cases enumerated is the 2nd Sec. of the 4th Ch„ of the Rev. Stat. But it is asked,, why require advertisement if there is no right of contes-tation ? The answer is, because the interest of the real owner may be prejudiced by having his slave under this ex parte proceeding apparently converted into a free person, and sent out of the state, and the petitioner may not be able to answer in damages for the money.
*455 If the petition be under tbe 57 Sec. and the right of property is disputed, upon this suggestion, supported by proper affidavit, the Court ought to suspend the proceedings, until the right can be settled in the proper action at law. If the proceeding be under the 59th Sec. and the authority of the executor is disputed, upon this suggestion properly supported, the Court ought to suspend the proceeding until the power of the executor can be settled by a declaration of the rights of the parties in a Court of Equity : In analogy to the proceeding under a petition for partition, when, if the party sets up claim in severalty, an action at law must be brought.
In this case, for instance, it is suggested, that, as the woman Nelly was given to Sophia Davis, for life, re-, xnainder to Richard Davis, the boy Alvis, after the testa» tor’s death, belongs to the personal representatives of Richard Davis, and Sophia Davis, could not by her will give any authority to emancipate. The right of property, therefore, as well as the authority is disputed, and these questions cannot be settled in an ex parte proceeding. At all events they cannot be conclusively settled, so as to bind the representatives of Richard Davis. So it may be suggested, that as James C. Davis takes other property under the will of Sophia Davis, he ought to be put to his election. These are interesting questions, which can only be decided in Equity. It manifestly was not the intention of the statute, that such questions should be settled under a petition for permission to emancipate slaves.
Per Cueiam. Appeal dismissed.